**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JEFFREY J. LANNES, individually and as Personal Representative of the Estate of Vernon P. Lannes; KRISTI JOHNSON, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> FLOWSERVE U.S., INC., sued individually and as successor-in-interest to Edward Valve, Inc., <br><br> Defendant - Appellee. | No. 13-56391 <br><br> D.C. No. 2:12-cv-01876-PA-AJW <br><br><br> MEMORANDUM[*] |
| JEFFREY J. LANNES, individually and as Personal Representative of the Estate of Vernon P. Lannes; KRISTI JOHNSON, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> FLOWSERVE U.S., INC., sued individually and as successor-in-interest to Edward Valve, Inc., <br><br> Defendant, | No. 13-56393 <br><br> D.C. No. 2:12-cv-01876-PA-AJW |

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and

JERGUSON GAGE & VALVE
COMPANY,

Defendant - Appellee.

JEFFREY J. LANNES, individually and as
Personal Representative of the Estate of
Vernon P. Lannes; KRISTI JOHNSON,

Plaintiffs - Appellants,

v.

FLOWSERVE U.S., INC., sued
individually and as successor-in-interest to
Edward Valve, Inc. and JERGUSON
GAGE & VALVE COMPANY,

Defendants,

and

WARREN PUMPS, LLC,

Defendant - Appellee.

No. 13-56397

D.C. No. 2:12-cv-01876-PA-AJW

Appeals from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted August 31, 2015

2

Pasadena, California

Before: KOZINSKI, O'SCANNLAIN, and BYBEE, Circuit Judges.

The facts and procedural posture of these consolidated cases are known to the parties, and we do not repeat them here. Plaintiffs Jeffrey Lannes and Kristi Johnson appeal the district court's grant of summary judgment in favor of defendants Flowserve U.S. Inc., Jerguson Gage & Valve Co., and Warren Pumps, LLC. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Under California law, the plaintiffs must show as a "threshold requirement" that "the defendant[s] manufactured, sold, or supplied" the asbestos-laden gaskets, packing, or insulation to which decedent Vernon Lannes was exposed when he worked on the *USS Fletcher* and the *USS Duncan* during his naval service. *O'Neil v. Crane Co.*, 266 P.3d 987, 1005 (Cal. 2012). There is no triable issue of fact here, and summary judgment was therefore proper.

First, the defendants shifted the burden of demonstrating a material issue of fact by "pointing out . . . that there is an absence of evidence to support the [plaintiffs'] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). As for original insulation from Warren, the plaintiffs' expert—Captain William Lowell—admitted that, due to overhaul schedules, there would have been no original insulation on the ships when Lannes came aboard. Lannes also admitted

3

he did not know the pumps' maintenance history, which erodes any foundation for his testimony that he once opened a Warren pump and saw "original" insulation.[1] Lannes did not base this statement on any prior experience handling what he knew to be original insulation; he merely said the insulation was packed tightly and looked "old."

With respect to replacement gaskets, packing, and insulation from the three defendants,[2] Lannes admitted he had no personal knowledge of who made any of the replacement parts he used, and that packing was "pretty standard" and could come from numerous sources. At best, his testimony showed that his superior officer would order replacement parts out of a manufacturer-provided book, which contained generic Naval Supply System numbers, and that the parts fit when they arrived. Captain Lowell could conclude only that Lannes was exposed to

---

[1] We reject plaintiffs' argument that Warren needed to do something more than make a timely, specific objection to the district court to preserve an objection to the foundation of Lannes's testimony. *See Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1003 (9th Cir. 2002). We similarly deny Warren's motion to strike the plaintiffs' reply-brief arguments discussing this objection. A plaintiff need not anticipate, at penalty of forfeiture, what alternative bases for affirmance an appellee might raise on appeal.

[2] In their opening brief, the plaintiffs adequately raised the issue of whether Warren supplied replacement insulation. We thus deny Warren's motion to strike those arguments as having been raised for the first time in the plaintiffs' reply brief.

replacement parts that contained asbestos, with no mention of where they came from.  And Lowell admitted he had no documentary evidence that Warren ever supplied replacement parts to the ships at issue.

Second, the plaintiffs' opposition evidence failed to create a material issue of fact.  Neither the fact that Warren cut its own gaskets for its pumps when it produced them, nor its admission that at "certain times" it "may have" sold replacement gaskets during its hundred-plus-year history, suffices to create a triable issue as to whether Warren supplied the parts Lannes handled.  Captain Lowell's testimony from a different case—involving different ships, plaintiffs, and defendants—is too generic to create a fact issue for *this* case and *these* defendants.  Similarly, Flowserve's answers to interrogatories from that same case, and its corporate representative's testimony from yet another case, show only that at some point Flowserve sold replacement parts.  The defendants' affirmative evidence from expert Thomas McCaffery, however, shows that neither Floweserve nor

Jerguson were approved suppliers of replacement parts to the Navy during the relevant time period.[3]

Third, the district court did not abuse its discretion when it excluded Captain Francis Burger's declaration. No formal motion is necessary for a court to disallow the use of undisclosed expert testimony. *See* Fed. R. Civ. P. 37(c)(1). And we fail to appreciate how the plaintiffs could create a material issue of fact by relying on expert testimony that they claim will not be used at trial. "Rule 26 of the Federal Rules of Civil Procedure requires parties to disclose the identity of any expert witness." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 824 (9th Cir. 2011). And Rule 37(c)(1) is the enforcement mechanism for the disclosure rule, which plaintiffs violated here. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Summary judgment in favor of the defendants was proper, *see O'Neil*, 266 P.3d at 996, so we **AFFIRM**.

---

[3] The plaintiffs are right that the district court erred when it concluded that they failed to object to the McCaffery report. But they did fail to object to McCaffery's expert qualifications, and may not do so now on appeal. As for the remainder of their objection, McCaffery's report provided sufficient factual and methodological bases for its conclusions and was thus properly considered. *See* Fed. R. Evid. 702; *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1008 (9th Cir. 2007).